```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

CHARLES L. RUTTER,            )
                              )
         Petitioner,          )
                              )
     v.                       )    No. 4:04 CV 1188 DDN
                              )
DON ROPER,                    )
                              )
         Respondent.          )

## MEMORANDUM

This matter is before the court upon the petition of Missouri state prisoner Charles L. Rutter for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## I.  BACKGROUND

On June 29, 2000, petitioner Charles L. Rutter was found guilty by a jury in the Circuit Court of Iron County of first degree murder and armed criminal action. (Doc. 14 Ex. B at 137.) Petitioner was sentenced to concurrent terms of life imprisonment without the possibility of probation or parole and life imprisonment with the Missouri Department of Corrections. Id.

Petitioner directly appealed his conviction to the Missouri Court of Appeals, which affirmed petitioner's convictions on April 25, 2002. (Doc. 14 Ex. E at 20.) Petitioner's case was then transferred to the Missouri Supreme Court, which affirmed petitioner's conviction on December 24, 2002. (Doc. 14 Ex. H at 24.)

On August 18, 2004, petitioner filed the instant petition for federal habeas relief, alleging the following violations of his rights under the federal Constitution:

1. Evidence was illegally seized in a warrantless search of petitioner's home.

2. The trial court refused to instruct the jury on voluntary manslaughter.

3. The trial court refused to qualify defense witness Dr. Terry Martinez as an expert.

4.  The trial court refused petitioner's evidence of the victim's acts of violence offered on the issue of self-defense.

5.  The trial court erred in allowing the state to offer bullet pattern evidence.

6.  The trial court allowed inadmissible evidence of petitioner obtaining a prescription drug in the name of a deceased relative.

7.  The trial court denied the motion for new trial upon the "admitted error in [this] testimony."

(Doc. 1.)

## II.  STATUTE OF LIMITATION

A petition for a writ of habeas corpus must be filed within one year from the latest of the following:

1.  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review,

2.  the date of the removal of any state-imposed impediment that unconstitutionally prevented the filing of such petition,

3.  the date of the Supreme Court's recognition of a new, retroactively applicable constitutional right, or

4.  the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner Rutter does not allege nor do any of the facts suggest any issues of state-imposed impediment, retroactive applicable constitutional right, or new evidence that supports petitioner's claims.  Thus, the date for the commencement of the limitation period is "the date on which the judgment became final . . . ."  28 U.S.C. § 2244(d)(1)(A).

The Eighth Circuit has interpreted "the date on which the judgment became final" to mean either: (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ."  Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).  A

petition for a writ of certiorari to review a judgment in any case entered by a state court of last resort "is timely when it is filed . . . within 90 days after entry of the judgment." Sup. Ct. R. 13.

Thus, petitioner had until March 24, 2003 (90 days from the Missouri Supreme Court's denial of his appeal on December 24, 2002) to file for certiorari with the Supreme Court. Since the record does not show that petitioner did so, his federal one-year limitations period began on March 24, 2003. Thus, petitioner was required to file his federal habeas petition by March 24, 2004.

An application for a writ of habeas corpus is considered filed on the date that it is delivered to prison authorities for mailing to the clerk of the court. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc). The record indicates that petitioner filed his federal habeas petition on August 18, 2004, under the mailbox rule in Nichols. (Doc 1, copy of mailing envelope.) August 18, 2004, is almost five months past the date prescribed by 28 U.S.C. § 2244(d)(1) for filing a petition under 28 U.S.C. § 2254.

However, "since the one-year time limit in section 2241(d)(1) is a statute of limitations rather than a jurisdictional bar, equitable tolling, if applicable, may apply." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 564 U.S. 863 (2001). In Kreutzer, the court noted that equitable tolling is proper only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" or when the "conduct of the defendant has lulled the plaintiff into inaction." Id.

Here, a review of the record reveals that petitioner has neither alleged nor proffered any facts that suggest any circumstances which could have rendered petitioner unable to file on time. Further, petitioner has not alleged nor does the record suggest that the conduct of respondent has lulled the petitioner into inaction. Therefore, since petitioner's application for habeas relief has exceeded the statute of limitation and falls under no tolling exception, petitioner's petition would be time-barred.[1]

---

[1]The court does not apply the statute of limitations as a basis for determining this action. Respondent never raised this defense and the court has given petitioner no notice that it would consider sua sponte

**III. EXHAUSTION OF STATE REMEDIES AND PROCEDURAL BAR**

This court is satisfied that petitioner exhausted his state remedies. The Missouri Supreme Court decided all seven grounds listed in the petition on the merits. (Doc. 14 Ex. H); see Sweet v. Delo, 125 F.3d 1144, 1150 (8th Cir. 1997) (failure to bring post-conviction relief action will not bar habeas review if Missouri Supreme Court decided the issue on merits). Therefore, this court will determine the merits of petitioner's grounds for relief.

**IV. Merits**

**Standard of Review on the Merits**

This court's review of a state court decision is limited to situations where adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2). "A state court's decision is contrary to clearly established law 'if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case.'" Tokar v. Bowersox, 188 F.3d 1039, 1045 (8th Cir. 1999) (quoting Richardson v. Bowersox, 188 F.3d 973, 977-78 (8th Cir. 1999), cert. denied, 529 U.S. 1113 (2000)), cert. denied, 531 U.S. 886 (2000). The issue a federal habeas court faces when deciding whether a state court unreasonably applied federal law is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 365 (2000). This means the court may not grant relief even if it finds the state court applied the law incorrectly; this

---

whether he complied with the statute of limitations. Compare Day v. Crosby, 391 F.3d 1192, 1193-94 (11th Cir. 2004) with Scott v. Collins, 286 F.3d 923, 927-28 (6th Cir. 2002) and Ebert v. Clarke, 320 F. Supp. 2d 902, 905 (E.D. Neb. 2004).

incorrect application must also be unreasonable before the state prisoner is entitled to relief.  Id.

**Ground 1**

Petitioner alleges that the trial court erred by allowing testimony of a warrantless search of a closet in violation of the Fourth and Fourteenth Amendments.

Two police officers testified at trial that there were no guns in the closet of the home where the killing took place.  (Doc. 14 Ex. A at 316, 483-505.)  Petitioner claimed he killed the victim in self defense, believing the victim was getting a gun out of the closet.  (Doc. 14 Ex. A at 635-54.)

When reviewing a Fourth Amendment claim, the proper inquiry is not whether the state court's determination was reasonable, but whether the state provided the petitioner with an opportunity to fully and fairly litigate the claim.  Stone v. Powell, 428 U.S. 465, 481-82 (1976).  Here, petitioner had an opportunity to litigate this issue at the suppression hearing and on appeal.  (Doc. 14 Supp. Tr. at 7-24; Ex. C at 10.)  At trial, petitioner objected to all objects seized during the search, and thus had the opportunity to object to the testimony of the search.  (Doc. 14 Ex. A at 312-13.)

Further, the Missouri Supreme Court's determination that this evidence did not prejudice petitioner (Doc. 14 Ex. H at 18) was not unreasonable.  That court held that, while the officers' search of the closet was a violation of the Fourth Amendment, this violation was not prejudicial to petitioner.  (Id.)  The state could have offered this evidence to rebut petitioner's self-defense claim.  Illegally obtained evidence may not be admitted in the government's case in chief, but may be admitted to impeach the testimony of the defendant.  United States v. Havens, 446 U.S. 620, 626 (1980).  Petitioner claimed he shot the victim because he believed he was reaching for a gun in the closet.  To rebut this testimony, the government could have admitted the officers' testimony that there were no guns in the closet.  Since the jury would likely have heard the evidence without any Fourth Amendment violation, petitioner was not prejudiced.  (Doc. 14 Ex. H at 17-18.)

Therefore, Ground 1 is without merit.

**Ground 2**

Petitioner alleges in Ground 2 that the trial court erred by refusing to instruct the jury on the lesser offense of voluntary manslaughter. The trial court instructed the jury on first degree murder and on the lesser included offense of second degree murder. (Doc. 14 Ex. B at 96, 99.) Petitioner requested a further instruction on voluntary manslaughter which the court refused. (Id. at 106.) The jury found petitioner guilty of first degree murder. (Id. at 111-12.)

"[F]ailure of the trial court to give a [lesser included offense] instruction [does] not rise to the level of constitutional error." Pitts v. Lockhart, 911 F.2d 109, 112 (8th Cir. 1990), cert. denied, 501 U.S. 1253 (1991). The Supreme Court has never held that failure to give a lesser included offense instruction in a non-capital case was a violation of federal law. Therefore, the state court did not violate any established federal law. Tatum v. Dormire, 183 F.3d 875, 878 (8th Cir. 1999); Hughes v. Lund, 152 F. Supp. 2d 1178, 1183 (N.D. Iowa 2001). Habeas relief is only available when the state court violated "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d)(1)-(2).

Further, since the jury opted not to convict petitioner of second degree murder (Doc. 14 Ex. A at 899-901), a lesser offense offered to them, it is unlikely they would have convicted him of voluntary manslaughter instead of first degree murder. ( Id. at 849.)

Therefore, Ground 2 is without merit.

**Ground 3**

Petitioner alleges in Ground 3 that the trial court erred by refusing to declare Dr. Terry Martinez an expert for trial, and by refusing to do so in the presence of the jury. The trial court determined that the qualification of the witness as an expert would be determined on a question by question basis. (Doc. 14 Ex. A at 535-36.)

Petitioner is asking this court to reexamine evidentiary decisions of the trial court which have been upheld by the Missouri Supreme Court. Evidentiary questions, such as expert qualification, are state law questions. "A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so

conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Bounds v. Delo, 151 F.3d 1116, 1119 (8th Cir. 1998) (quoting Parker v. Bowersox, 94 F.3d 458, 460 (8th Cir. 1996), cert. denied, 520 U.S 1171 (1997)); see also Estelle v. McGuire, 502 U.S. 62, 68-69 (1991).

The trial court's determination not to qualify Dr. Martinez as an expert for trial does not rise to this high standard. In fact, the trial court allowed the doctor to testify as an expert on the effects of the drug Butalbital, and the petitioner submitted no offer of proof as to what the doctor did not testify to. (Doc. 14 Ex. A at 534-61.) This evidence determination was neither unreasonable nor so prejudicial as to fatally infect the trial.

Therefore, Ground 3 is without merit.

**Ground 4**

Petitioner alleges that the trial court erred when it refused to allow him to present evidence of a specific act of violence by the victim which would have supported his assertion that he acted in self-defense.

Again, an evidence question will not be disturbed absent prejudice "of such magnitude as to fatally infect the trial and deprive the defendant of due process." Bounds, 151 F.3d at 1119. Petitioner wanted Steve Craigmiles to testify about a prior act of violence by the victim. (Doc. 14 Ex. A at 568.) Craigmiles had been involved in an altercation with the victim two years earlier, and the victim had bragged to petitioner about the incident. (Id. at 573-77.) Despite knowing about the incident, petitioner continued to see the victim four or five days a week, every week. (Id. at 578-79.)

The trial court had discretion to admit evidence of prior acts of violence. Missouri v. Waller, 816 S.W.2d 212, 216 (Mo. 1991). The court's determination to exclude this evidence fell within its discretion and did not rise to the level of sufficient prejudice. (Doc. 14 Ex. A at 589.) Further, petitioner was given the opportunity to provide testimony of the victim's reputation for violence. (Id.)

Therefore, Ground 4 is without merit.

**Ground 5**

Petitioner alleges that the trial court erred in allowing expert testimony of bullet patterns, the distance between petitioner and the victim, and the petitioner's use of Butalbital.

Again, these are pure Missouri evidence law questions and do not raise questions of federal law unless petitioner's entitlement to due process is implicated. <u>Estelle</u>, 502 U.S. at 68-69. This evidence does not violate petitioner's due process rights. The expert was Russell Deidike, M.D., who had performed hundreds of autopsies (Doc. 14 Ex. A at 400), was trained in pathology (<u>id.</u> at 398), and had experience with violent causes of death (<u>id.</u> at 396-401). His testimony about the effects of the drug Butalbital was determined admissible under state law by the Missouri Supreme Court. (Doc. 14 Ex. H at 20-21.) The state courts' determination was reasonable and petitioner's due process rights were not violated.

Therefore, petitioner's fifth ground is without merit.

**Ground 6**

Petitioner alleges that the trial court erred by refusing to grant a new trial based on the testimony of Tony Cole. At trial, Cole testified petitioner was taking a prescription drug, Butalbital, but that the prescription belonged to petitioner's uncle Kenneth Rutter. (Doc. 14 Ex. A at 382-87.) Petitioner claims Cole's testimony was erroneous.

The United States Supreme Court has held that newly discovered evidence, even if this evidence supports a claim of actual innocence, is not a basis for habeas relief absent a constitutional violation. <u>Herrera v. Collins</u>, 506 U.S. 390, 400 (1993). Here, petitioner does not allege this evidence has a bearing on his actual innocence in this case, only that the negative implication of Cole's testimony affected his right to a fair trial.

**Ground 7**

The denial of a new trial was in line with Missouri law. Under Missouri law, a new trial will not be granted based on new evidence, if this evidence is either cumulative or for impeachment purposes only. <u>Missouri v. Whitfield</u>, 939 S.W.2d 361, 367 (Mo. 1997). The evidence petitioner alleges supported his motion for a new trial was merely impeachment evidence. Evidence of the owner of the prescription would have had no bearing on guilt or his claim of self-defense, only on petitioner's character. Further, the Missouri Supreme Court held that this evidence was cumulative, since petitioner also testified at trial that he had gotten the prescription legally. (Doc. 14 Ex. H at 22; <u>see also</u> Ex. A at 670-71.) The state court's denial of a new trial based on this evidence was not unreasonable and did not raise constitutional concerns.

Therefore, Ground 7 is without merit.

For these reasons, the petition of Charles Lee Rutter for a writ of habeas corpus is denied. An appropriate order is issued herewith.

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 23, 2006.